UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JERRY M. KEY,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES MARINE CORPS TRAINING CENTER,<br><br>    Defendant. | Civil Action No. CV-00-S-1940-NE |

FILED
01 FEB 13 PM 3:53
N.D. OF ALABAMA

ENTERED
FEB 14 2001

## MEMORANDUM OPINION

This action arises out of an alleged personal services contract between Jerry Key, who does business as "Key's Lawn Care," and the United States of America, which plaintiff improperly sued in the Small Claims Court of Madison County, Alabama as "the United States Marine Corps Training Center."[1] Plaintiff claims that the government breached its agreement to pay for the lawn care services he provided to the Marine Corps Training Center in Huntsville, Alabama, and, as a consequence, he has suffered damages in excess of $3,000.

The action presently is before the court on the government's motion to dismiss (doc. no. 10). Matters outside the pleadings have been presented to, and considered by the court; accordingly, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties [have been]

---

[1] This court construes ¶ I of plaintiff's "memorandum in support of [his] request that [the government's] motion to dismiss be denied" (doc. no. 13) as a motion to amend his complaint to add the real (and proper) party in interest, the United States of America, as a defendant; and, as so construed, it is ordered that the motion be **granted**.

given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(b), Fed. R. Civ. P.; *see also, e.g., Arnold v. United States Postal Service*, 649 F. Supp. 676, 678 (D.D.C. 1986).

## I. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)) (internal quotation marks and citations omitted)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*).

## II. BACKGROUND

Plaintiff provided lawn maintenance services for the Marine Corps' Training Center in Huntsville, Alabama. The government concedes that a service contract for such services existed between the dates of October 1998 and September 1999.[2] In mid-September of 1999, plaintiff was told by Gunnery Sergeant Davis — who apparently serves in the Marine Corps' Huntsville Training Center in some capacity — that his contract would be extended through the 1999-2000 fiscal year. In reliance upon the assumption that Sergeant Davis possessed the authority to bind the government, plaintiff continued to provide lawn maintenance services through March of 2000. Plaintiff furnished no services beyond March, because he failed to receive any payments after September of 1999, despite sending multiple invoices to the training center.

Frustrated with the government's repeated disregard of his requests for payment, plaintiff filed suit in the Small Claims Court of Madison County, Alabama, on May 15, 2000. Service was perfected on June 22, 2000. The action was removed to this court on July 13, 2000.

In its motion to dismiss, the government argues that the personal services contract at issue is subject to the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq., and that plaintiff failed to properly submit his claim to a contracting officer as

---

[2] Motion to dismiss (doc. no. 10), Exhibit 1 (Winicki affidavit).

required by the Act. As such, the government argues, plaintiff has failed to exhaust his administrative remedies and this court accordingly lacks subject matter jurisdiction.[3]

### III. DISCUSSION

This court's jurisdiction over the present claim depends upon 28 U.S.C § 1346(a)(2), which provides in part:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> ...
>
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States, ... <u>except that the district courts shall not have jurisdiction of any civil action</u> or claim against the United States founded upon any express or implied contract with the United States ... <u>which are subject to sections 8(g)(1)[4] and 10(a)(1)[5] of the Contract Disputes Act of 1978</u>. [Emphasis supplied].

Thus, jurisdiction is contingent upon the applicability, or non-applicability of the Contract Disputes Act of 1978.[6]

---

[3]Motion to dismiss (doc. no. 10), ¶ 2-3.

[4]Section 8(g)(1) of the Contract Disputes Act of 1978 has been codified at 41 U.S.C. § 607(g)(1). This section authorizes the Unites States Court of Appeals for the Federal Circuit to review decisions of the agency board of contract appeals.

[5]Section 10(a)(1) of the Contract Disputes Act of 1978 is now codified at 41 U.S.C. § 609(a)(1). This section provides that, in limited circumstances, a contractor may, after review of his claim by a contracting officer, bring an action directly in the United States Claims Court.

[6]Courts in the Eleventh Circuit have expressly held that, "[t]he [Contract Disputes Act, often referred to as the] CDA, ... specifically abolishes the jurisdiction of the federal district courts to hear claims 'founded upon any express or implied contract with the United States' which is subject to the CDA." Management Science America, Inc. v. Pierce, 598 F. Supp. 223, 225 (N.D. Ga. 1984), aff'd, 778 F.2d 792 (11th Cir. 1985). *See also* County Waste, Inc. v. United States, 752 F. Supp. 449, 451 (S.D. Fla. 1990) ("[T]he purpose of the CDA

The Contract Disputes Act was enacted in order to "provide a comprehensive system for adjudicating contract claims against the government." *Prefab Products, Inc. v. United States Postal Service*, 600 F. Supp. 89, 91 (S.D. Fla. 1984). It provides explicit dispute resolution procedures for all claims relating to "any express or implied contract ... entered into by an executive agency for ... the procurement of services." 41 U.S.C. § 602(a)(2).

The Contract Disputes Act statutorily defines the term "executive agency" as including "military department[s]." 41 U.S.C. § 601(2). Under 5 U.S.C. § 102, "military departments" consist of the Departments of the Army, Navy, and Air Force. The Department of the Navy is composed of the "entire operating forces ... of the Navy <u>and the Marine Corps</u>, and the reserve components of those operating forces." 10 U.S.C. § 5061(4) (emphasis added). *See also* 10 U.S.C. § 5063(a) ("The Marine Corps, within the Department of the Navy, shall be so organized as to include ... combat divisions and ... air wings, and such other land combat, aviation, and other services as may be organic therein."). The Contract Disputes Act further defines the term "contractor" as "a party to a Government contract other than the government." 41

---

and its legislative history leave no question that ... Congress intended to deprive the district courts of jurisdiction over contract claims against the United States which are subject to the Contract Disputes Act."); 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3657, at 491-492 (3d ed. 1998) ("[T]he Contract Disputes Act of 1978 ... stripped the district courts of jurisdiction over civil actions arising out of express or implied executive agency contracts ... for services").

U.S.C. § 601(4).

Upon consideration of the record, the court concludes that plaintiff's claim *is* subject to the Contract Disputes Act. Plaintiff clearly is alleging breach of a personal services contract.[7]  Plaintiff is a "contractor," and the Huntsville training center operated by the United States Marine Corps is an adjunct component of an "executive agency," as those terms are defined in the Act. Consequently, plaintiff must pursue his claim in accordance with the requirements of the Contract Disputes Act.

Pursuant to that statutory scheme, a contractor's claim against the government must first be the subject of a decision by a "contracting officer." 41 U.S.C. § 605(a) ("All claims by a contractor against the government shall be in writing and shall be submitted to the contracting officer for a decision."). Contracting officers are individuals authorized to "decide or resolve all claims arising under" the Contract Disputes Act. 48 C.F.R § 33.210.  If dissatisfied with the determination of the contracting officer, a contractor may seek review by appealing "to the Board of Contract Appeals [pursuant to 41 U.S.C. § 606] or by seeking direct relief in the Claims Court [pursuant to 41 U.S.C. § 609]." *County Waste, Inc. v. United States*, 752 F. Supp. 449, 451 (S.D. Fla. 1990).

Plaintiff plainly failed to comply with the requirements of

---

[7] 41 U.S.C. § 602(a)(2).

the Contract Disputes Act. The undisputed testimony of Major Anthony Winicki, the contracting officer for the Marine Forces Reserve, reveals that plaintiff "has never filed any contract claim with [the contracting officer] or [his] staff" for determination.[8] Filing suit in a United States District Court — much less a state small claims court — prior to submitting a claim to a contracting officer clearly is not the proper manner to proceed under the Act. *See generally Robin Industries, Inc. v. United States,* 22 Cl. Ct. 448, 456 (1991) ("If covered by the CDA, a contractor must meet all the requirements of the Act before bringing a direct access suit in the [Court of Claims]. ... [P]laintiff was required to proceed properly under the Act. Plaintiff's failure to do so deprives this court of jurisdiction...."); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985) (holding that submission of a claim to a contracting officers is a jurisdictional prerequisite to filing suit in the Claims Court). Accordingly, the applicability of the Contract Disputes Act necessarily renders this court without jurisdiction to hear plaintiff's claim, and it is due to be dismissed, but without prejudice.

For the benefit of this pro se plaintiff, the court points out that, "[t]he proper course of action — for a contractor whose case is dismissed for a lack of jurisdiction — is" to submit his claim to the contracting officer in accordance with 41 U.S.C. § 605(a).

---

[8]Motion to dismiss (doc. no. 10), Exhibit 1 (Winicki affidavit).

7

*Conon Construction Corp. v. United States*, 3 Cl. Ct. 146, 148 (1983).

### IV. CONCLUSION

For the foregoing reasons, the court concludes that the contract at issue is subject to the provisions of the Contract Disputes Act and, thus, 28 U.S.C. § 1346(a)(2) denies this court subject matter jurisdiction to adjudicate the dispute. Accordingly, the action is due to be dismissed without prejudice. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 13th day of February, 2001

_____
United States District Judge

8